CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 OCT -6  PM 2: 41

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHANDLER HOUSTON, PRO SE, | § | |
|    also known as | § | |
|    CHANDLER SHARVON HOUSTON, | § | |
| TDCJ-CID No. 1384170, | § | |
| Previous TDCJ-CID No. 950284, | § | |
| Previous TDCJ-CID No. 1124156, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0208 |
| | § | |
| MATTHEW A. ERWIN, Lt. of Correction | § | |
| Officers; CHRISTINA M. MURRAY, Sgt. of | § | |
| Correction Officers; JARON D. BROOM, | § | |
| Correctional Officer IV; | § | |
| DONALD GRAHAM, JR., Correctional | § | |
| Officer IV; and KATHY B. GUTIERREZ, | § | |
| Correctional Officer IV, | § | |
| | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff CHANDLER HOUSTON, acting pro se and while a prisoner incarcerated in the

Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant

to Title 42, United States Code, section 1983 complaining against the above-referenced

defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges a chemical use of force was executed when he and his cellmate had a

fight.  Plaintiff says he was placed in a holding cell while defendants ERWIN and MURRAY

"sorted through the situation."  He says he was later escorted back to his cell in ECB by

defendants BROOM and GRAHAM and that defendant BROOM threatened to inflict harm and

to not feed plaintiff whenever he worked the cellblock.

Plaintiff alleges when he arrived at his cell, defendant GUTIERREZ had his tray. He says defendant BROOM took it from her hand and did not give it to plaintiff, saying plaintiff wouldn't be needing it. Plaintiff says he was left without his meal and that his cell was still contaminated with the chemical agent from the use of force. Plaintiff says he was left there for "1-2 weeks" and tried to shower the chemical from his body and clean up his cell, but couldn't effectively do so. Plaintiff says he couldn't sleep for 2-3 days because of the burning and that he received no cleaning supplies. Plaintiff states he received a clean sheet from an officer and clean sheets and a towel from neighboring inmates.

Plaintiff says he feels that if defendants ERWIN and MURRAY had followed proper safety procedures, this incident would not have occurred.

Plaintiff requests compensatory damages in the amount of $500,000.00 and that the defendants be terminated from their employment.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v.*

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

*Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

To the extent plaintiff is demanding that the defendants be fired from their jobs, the federal courts are not personnel directors of state prison systems, and such relief is unattainable in this action. *See, Maxton v. Johnson,* 488 F.Supp. 1030, 1032, n. 2 (D.S.C.1980), citing *United States v. White County Bridge Commission,* 275 F.2d 529, 535 (7th Cir.) (a federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court), *cert. denied sub nomine, Clippinger v. United States,* 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960).

In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer,* 468 U.S. 517, 526-527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). *See, also, Newman v. Alabama*, 559 F.2d 283, 286 (5th Cir. 1977)(state must furnish its prisoners with reasonably adequate food). While there is no static test to determine whether conditions of confinement are cruel and unusual,

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

punishment rises to the level of an Eighth Amendment violation only if it involves an

"'unnecessary and wanton infliction of pain.'" *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir.

1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251

(1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d

859 (1976)). The deprivation of food transgresses this standard when it amounts to a deprivation

of the "minimal civilized measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507-08

(5th Cir. 1999)(quoting *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th cir. 1998). "Whether the

deprivation of food falls below this threshold depends on the amount and duration of the

deprivation." *Id.*

Plaintiff alleges defendant BROOM deprived him of a single meal. The deprivation of

one meal on one occasion did not deny plaintiff the "minimal civilized measure of life's

necessities" as required to establish an Eighth Amendment violation. *See Taylor v. Kaylo*, 2001

WL 498686, at *2 (5th Cir. Apr. 12, 2001)(citing *Palmer v. Johnson,* 193 F.3d 346, 352 (5th

Cir.1999)) (denial of one meal does not rise to the level of a cognizable constitutional injury); *see*

*also Berry*, 192 F.3d at 508 (upholding dismissal of prisoner's claim for missing eight meals over

a seven-month period as frivolous); *Talib*, 138 F.3d at 214 n.3 (finding it doubtful that missing

fifty meals in five months resulting in the loss of fifteen pounds stated an Eighth Amendment

violation); *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir.2010)(denial of six meals over

54–hour period failed to state an Eighth Amendment violation).

Thus, plaintiff's deprivation of a meal by defendant BROOM and the failure by

defendants GUTIERREZ and GRAHAM to report such deprivation did not constitute an Eighth

Amendment violation.

Plaintiff also claims defendant BROOM threatened him as he was being escorted back to his cell. It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Further, mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, the remarks plaintiff attributes to defendant BROOM will not support a claim of violation of plaintiff's constitutional rights.

For the reasons set forth above, plaintiff's claims against defendants BROOM, GUTIERREZ, and GRAHAM lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to defendants ERWIN and MURRAY, plaintiff says that had they "followed proper safety procedures, the incident would not have occurred." The mere allegation that prison policies were not followed does not state a claim. *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996) (*per curiam*) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met). Further, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division". The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez*

5

*v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Plaintiff does not identify the safety procedures he feels these defendants failed to follow or define the contours of the "incident." To the extent plaintiff feels defendants ERWIN and MURRAY are responsible for the failure to ensure his cell was cleaned after the use of chemical force, plaintiff has alleged, at most, facts supporting a claim of negligence, not deliberate indifference, and negligence will not support a claim under section 1983.

For the reasons set forth above, plaintiff's claims against defendants ERWIN and MURRAY lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

IT IS THEREFORE ORDERED:

The Civil Rights Complaint filed by plaintiff CHANDLER HOUSTON is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.

It is SO ORDERED.

Signed this the _____ 6th _____ day of October, 2011.

MARY LOU ROBINSON
United States District Judge

6